IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   02-cv-01271-WDM-CBS

CLIFFORD M. WEAKS,

    Plaintiff,

v.

ROADWAY EXPRESS, INC.,

    Defendant.

_____

**ORDER**
_____

    This matter is before me on the defendant's Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for a New Trial, plaintiff's Motion for Attorney Fees and plaintiff's Motion for Judgment to Enter.

Background

    This matter was tried to a jury which rendered a verdict in plaintiff's favor against defendant on plaintiff's claim of retaliation under 42 U.S.C. § 1981 awarding him compensatory damages of $100,000 and punitive damages of $200,000.  Following hearing on front and back pay I awarded plaintiff $16,000 in back pay but no front pay.  Judgment accordingly entered in plaintiff's favor for a total of $316,000.  Other claims had previously been determined by my October 21, 2002 Order on Motion to Dismiss and my February 19, 2004 Order on Motion for Summary Judgment.

Standards of Review

    Fed. R. Civ. P. 50 governs defendant's Motion for Judgment as a Matter of Law

and directs me to consider whether there is a legally sufficient evidentiary basis for a reasonable jury to find for plaintiff on the issue. Rule 50(a). This circuit requires more than a "scintilla" of evidence to reach a jury. *Bankers Trust Co. v. Lee Teeling & Assoc., Inc.,* 20 F.3d 1092, 1100 (10th Cir. 1994). In deciding this motion I must view all the evidence in the light favorable to the non-moving party (plaintiff) and give him the benefit of all reasonable inferences. *Davis v. United States Postal Serv.*, 142 F.3d 1334, 1339 (10th Cir. 1998). I should not weigh the evidence, pass on the credibility of witnesses, or substitute my judgment for that of the jury. *Yearous v. Niobrara County Memorial Hosp.*, 128 F.3d 1351, 1353 (10th Cir. 1997). Indeed, if there is a conflict of evidence, over which reasonable persons could differ, I am precluded from entering a judgment as a matter of law. *Zuchel v. City and County of Denver,* 997 F.2d 730, 734 (10th Cir. 1993); *McKenzie v. Reuberg's Inc.*, 94 F.3d 1478, 1483 (10th Cir. 1996). My ruling is reviewed *de novo*.

As contemplated by Rule 50(b), defendant has also moved for a new trial pursuant to Rule 59. No fixed standards exist, but generally recognized grounds for a new trial include that the verdict is against the clear weight of the evidence, the trial was not fair, substantial legal errors occurred, or the damages are excessive. *See* 9, 12 Moore's Federal Practice §§ 50.06[b]; 59.13 (3d Ed. 2004). The applicable standard is less stringent than that for a judgment as a matter of law pursuant to Rule 50. For example, I may grant the motion for new trial even though substantial evidence supports the jury verdict, and I need not view the evidence in light most favorable to the non-movant. 9 Moore's Federal Practice, § 50.06[6][b]. This decision is a matter of

2

discretion.  *Id.* at § 50.06[b][c].

## Discussion

### 1. Issue of causal connection between protected activity and termination

Defendant first argues that plaintiff presented no evidence of causal connection between his protected activity and termination, arguing in particular that the individual who terminated him, Clyde Riggins (Riggins), was unaware of his protected activity and could not have been so motivated.  Ultimately, defendant admits that Riggins may have known of earlier activities by plaintiff but argues that no protected activity had occurred within three months of the termination which defendant posits is the outside limit of required "temporal proximity" to establish a causal connection.

Plaintiff does not dispute that he must prove that the decision-maker knew of the plaintiff's protected activity to establish liability for retaliation.  *See Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1235 (10th Cir. 2000).  Instead, plaintiff argues there is a conflict of testimony at least to the extent that plaintiff testified he complained to Riggins and others testified that they observed plaintiff complain to several management representatives over time.  Plaintiff then argues that it is a simple question of credibility, the jury believed plaintiff, and I should not interfere with that determination.

In its reply, defendant acknowledges that Riggins knew of the plaintiff's past protected activities but contends Riggins was unaware of any activity within a three-month period preceding plaintiff's termination.  Defendant asserts that no evidence was presented to show that anyone communicated any complaint to Riggins or when any such communication occurred.  Importantly, plaintiff refers to no other evidence to

establish causation beyond Riggins' knowledge of protected activity sometime before his termination of plaintiff.  In essence, the only evidence of causal connection presented as now argued is that termination followed plaintiff's protected activity.  Hence, the principle of "temporal proximity" is indeed critical to decision-making in this case.

It is well-established Tenth Circuit law that "protected conduct <u>closely followed</u> by adverse action may justify an inference of retaliatory motive."  *Marx v. Schnuck Markets, Inc.,* 76 F.3d 324, 329 (10th Cir. 1996) (emphasis added).  Despite defendant's urging that somehow three months is a concrete limit, we are admonished not to read the phrase "closely followed" too restrictively, particularly when there is a pattern of retaliatory conduct beginning soon after the protected conduct that ultimately results in discharge at a later time.  *Id.*  One must look at the entire context.  Adverse employment action three months after protected activity, standing alone, however, is not sufficient to establish causation.  *See Richmond v. Oneok, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997).

A more precise restatement of this principle is found in *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1395 (10th Cir. 1997): "Unless the termination is <u>very closely</u> connected in time to the protected conduct, the plaintiff will need to rely on additional evidence beyond mere temporal proximity to establish causation."  (Emphasis added).  In that case, the claimant testified that his hours were made less desirable after he made a claim for overtime wages.  But he did not specify how soon after the protected activity his hours were changed.  In such a situation, the court observed that

"the record is devoid of evidence from which causation can be inferred by the mere proximity of time." *Id.*

Such is precisely the case here. The record may be read to indicate that plaintiff engaged in protected activity, with Riggins' knowledge, before he was terminated, but the record fails to demonstrate exactly how soon thereafter the termination occurred. This precludes a finding of causation based upon "the mere proximity of time."

Further, as indicated, plaintiff provides no other evidence for me to determine "whether there are sufficient other circumstances to sustain [plaintiff's] burden of proving the causation element of his *prima facie* case . . ." *Id.* Accordingly, I must agree with defendant that the record does not provide a sufficient evidentiary basis for a reasonable jury to find for the plaintiff on the causation issue and judgment as a matter of law should enter in defendant's favor pursuant to Fed. R. Civ. P. 50(b) because of failure of proof of plaintiff's *prima facie* case.

    2. The issue of pretext

Defendant's reason for termination, excessive unexcused absences, is essentially undisputed. Several notices of intent to discharge because of unexcused absences were pending, and plaintiff had several additional unexcused absences during the last week or two of his employment. Certainly, without more, unexcused absenteeism is a legitimate, non-retaliatory reason for termination.

Plaintiff's only response is not to dispute the facts but to conclusorarily argue that the decision was pretextual because the reasons given lacked credibility and that I should not "undue (sic) the verdict."

Even if I were to assume that plaintiff has established a *prima facie* case, the defendant has provided a non-discriminatory reason for terminating plaintiff, and plaintiff's only argument of pretext is an evidentially insufficient conclusory argument of temporal proximity. Under these circumstances, defendant is entitled to judgment as a matter of law. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000). The reason for termination, unexcused absenteeism, is not racial or retaliatory. Indeed, plaintiff did not even timely grieve the decision to terminate. Under these circumstances I must conclude that the plaintiff has failed to offer sufficient evidence to prove that the stated reason for termination was pretextual, and defendant is entitled to judgment as a matter of law. *Stewart v. Adolph Coors Co.*, 217 F.3d 1285, 1289 (10th Cir. 2000).

3. Motion for new trial

Given my ruling that defendant's motion for judgment as a matter of law should be granted, Fed. R. Civ. P. 50(c)(1) requires that I rule on defendant's motion for new trial on a conditional basis in case my judgment as a matter of law is hereafter vacated or reversed. I address defendant's bases for a new trial in accordance with the Rule 59 standard.

(a) Verdict against clear weight of evidence

As indicated above, I find and conclude that the jury's verdict was against the clear weight of evidence with regard to a causal connection between plaintiff's protected activity and his ultimate termination. Further, I find and conclude that a jury verdict that the defendant's otherwise lawful reason for termination, excessive absences, was pretextual would likewise be against the clear weight of evidence.

I reject defendant's argument that the evidence of various events demonstrating discriminatory bias resulted in a verdict based on passion and prejudice. As provided in Instruction No. 10, the evidence was admitted to give background or context for the plaintiff's claim that he engaged in protective activity. I specifically advised the jury as follows:

> You are not deciding whether Roadway did or did not discriminate against Mr. Weaks or did or did not harass him account of his race. . . . [The] only issue for you to decide in this case is whether Roadway retaliated against Mr. Weaks because he opposed race discrimination and harassment. (Instruction No. 10).

I assume the jury followed this instruction and was not guided by passion or prejudice. *See Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

(b) <u>Remarks of plaintiff's counsel</u>

I likewise reject defendant's contention that certain comments by plaintiff's counsel were inflammatory. I sustained defendant's objections to the comment and later emphasized my ruling when counsel returned to the same theme. Plaintiff's counsel then used his own background to make his point. I find and conclude in these circumstances that the objectionable comments were not so inflammatory as to result in an improper verdict.

(c) <u>Compensatory damages</u>

Defendant argues that the $100,000 compensatory damage award was against the clear weight of evidence and again a product of passion and prejudice. For the reasons noted, I find that the verdict was not the result of passion and prejudice. With regard to the amounts, it is of course impossible to measure mathematically what the

appropriate amount of compensatory damages should be. There was evidence of the impact upon the plaintiff but the figure seems comparatively high. However, I need not decide this issue since I have already concluded that a new trial would be necessary, and the new jury would decide this issue.

(d) Punitive damages

In addition to its passion and prejudice argument, defendant asserts that it met the *Kolstad* defense against vicarious liability by demonstrating its good faith efforts to comply with anti-discrimination laws. *See Kolstad v. American Dental Ass'n.*, 327 U.S. 526, 544-46 (1999); *EEOC v. Walmart Stores, Inc.*, 187 F.3d 1241, 1248 (10th Cir. 1999).

I note that the instruction given on punitive damages did include an element that plaintiff must prove that "defendant did not make a good faith to comply with" the federally protected rights of plaintiff. Defendant participated in the development of this instruction and did not ultimately object to it. In any case, the matter will need to be resolved by the new jury upon a new trial.

Accordingly, for the stated reasons, defendant's motion for judgment as a matter of law will be granted. A new trial will be conditionally ordered. Plaintiff's motions will be denied as moot. It is therefore ordered:

1. Defendant's Renewed Motion for Judgment as a Matter of Law Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure (Docket No. 82) is granted, and an amended judgment shall enter in favor of defendant and against plaintiff on plaintiff's remaining retaliation claim.

2. Plaintiff's Motion for Attorney Fees (Docket No. 116) and Judgment (Docket No. 117) are denied as moot.

3. Defendant may have its expenses.

4. In the event my judgment as a matter of law is vacated or reversed, a new trial be held on plaintiff's retaliation claim pursuant to 42 U.S.C. § 1981.

DATED at Denver, Colorado, on August 22, 2005.

BY THE COURT:

/s/ Walker D. Miller
United States District Judge